UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALFRED LEE JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case number 4:13cv0239RWS/PLC |
| | ) |
| JENNIFER SACHSE and | ) |
| CHRIS KOSTER, | ) |
| | ) |
| Respondents. | ) |

**REPORT AND RECOMMENDATION**

Alfred Jones ("Petitioner") seeks federal habeas corpus relief from his conviction following a jury trial. See 28 U.S.C. § 2254. This matter has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the court recommends that the petition be denied.

## I. Background

In 2006, Missouri charged Petitioner as a prior offender with four counts of child molestation in the first degree and one count of attempted child molestation in the first degree. (Resp't Ex. B at 37-38) The five charges involved sisters J.J. and J.H., ages nine and twelve, and their cousin C.J., age eleven. (Id. at 15)

The Circuit Court of the City of St. Louis conducted a trial in May 2008. The three victims testified to their ages, the timing of the offenses, and the type of touching that occurred. After the trial, the jury found Petitioner guilty of two counts of child molestation (involving J.J. and J.H.) and one count of attempted child molestation (involving J.H.). (Id. at 86-90) The jury found Petitioner not guilty of the counts involving C.J. (Id.) In July 2008, the trial court

1

sentenced Petitioner to consecutive terms of ten years' imprisonment for the two counts of child molestation to run concurrently with a five-year sentence for attempted child molestation, for a total sentence of twenty years' imprisonment. (Id. at 95-97)

Petitioner appealed the conviction on the grounds that the trial court erred in: (1) denying his motion for a mistrial when the jury communicated that it was deadlocked; and (2) reading the jury MAI-CR3d 312.10 (the "hammer instruction"). (Resp't Ex. E at 11) More specifically, Petitioner claimed that the trial court "knowing the jury was divided, how they were divided, and that those voting not guilty would not change their minds, coerced a verdict by reading the jury the hammer instruction." (Id.) The Missouri Court of Appeals affirmed the trial court's judgment. In a memorandum supplementing its order affirming Petitioner's conviction, the court found that Petitioner failed to preserve the alleged hammer instruction error because he did not raise it in his motion for a new trial. (Resp't Ex. E) The court nevertheless reviewed Petitioner's claim for plain error and concluded that the trial court did not coerce the jury's verdict because: (1) the jury deliberated for approximately four hours before and three hours after receiving the hammer instruction; (2) the jury voluntarily communicated its numerical division; and (3) the trial court's instruction conformed to MAI-CR3d 312.10 and the Notes on Use. (Id.) The court issued its mandate on October 4, 2010. (Resp't Ex. J)

Following his unsuccessful direct appeal, Petitioner filed a timely pro se motion for post-conviction relief pursuant to Missouri Rule 29.15, which counsel later amended. (Resp't Ex. F at 33-37) In his motion, Petitioner presented four claims of ineffective assistance of counsel and requested an evidentiary hearing. (Id.) First, Petitioner claimed that trial counsel was ineffective for failing to file a motion for a bill of particulars "because the charging document failed to adequately inform [Petitioner] of the specific dates and nature of the charges in order for him to

2

prepare his defense." (Id.) Second, Petitioner argued that trial counsel was ineffective for failing to object to the State's post-trial sentencing recommendation and the trial court's sentence because Petitioner's twenty-year sentence was "excessive" and "sought to punish [Petitioner] for exercising his right to trial." (Id.) Third, Petitioner asserted that trial counsel was ineffective for failing to file a motion to sever because the offenses against the three victims were "not the same or similar in character or connected together or constituting parts of a common scheme or plan . . . ." (Id.) Finally, Petitioner claimed that trial counsel was ineffective for failing to object and request a mistrial when one of the victims "testified about two other times [Petitioner] touched her vagina over her clothing . . . ." (Id.) The motion court denied Petitioner's motion for post-conviction relief without an evidentiary hearing. (Id. at 75-83)

Petitioner appealed the denial of his Rule 29.15 motion to the Missouri Court of Appeals on the same grounds, and the court affirmed the motion court's denial of Petitioner's post-conviction motion in a summary order accompanied by a more detailed supplemental memorandum. (Resp't Exs. G, I) In regard to Petitioner's first point, the court concluded that counsel was not ineffective for failing to request a bill of particulars because the indictment sufficiently informed Petitioner of the nature of the charged offenses and Petitioner failed to demonstrate prejudice. (Id. at 6-7) The court found that Petitioner's second point, asserting that trial counsel was ineffective in failing to object to the sentencing recommendation and sentence, was not cognizable because: (1) the challenge to the sentencing recommendation and sentence could have been raised on direct appeal; and (2) Petitioner failed to allege facts demonstrating that either rare and exceptional circumstances existed or that fundamental fairness required the claim be considered in the Rule 29.15 proceeding. (Id. at 9) The court denied Petitioner's third point, finding that counsel was not ineffective for failing to file a motion to sever because joinder

3

was proper and Petitioner suffered no prejudice. (Id.) Finally, the court denied Petitioner's fourth point because any objection to the victim's testimony about other incidents of molestation would have been meritless. (Id. at 15) The court issued its mandate on November 15, 2012. (Resp't Ex. K).

## II. Petitioner's Grounds for Federal Habeas Relief

In the present habeas petition, Petitioner asserts the following five grounds[1] for relief:

(1) The trial court erred "when it gave the hammer instruction to coerce a verdict" knowing "the count and how the jury w[as] divided" and that "jurors voting not guilty stated that they could not be influenced to change their minds";

(2) Trial counsel provided ineffective assistance by "not objecting to instructions and preserving them for appellate review by including them in [the] motion for new trial";

(3) Trial counsel provided ineffective assistance by failing to file a motion for bill of particulars "because the charging document failed to adequately inform [him] of the nature of the charges in order to prepare a defense which allowed a constructive amendment to the indictment on count IV," resulting in a conviction of " a charge not charged";

(4) Trial counsel provided ineffective assistance by failing to object to the State's post-trial sentencing recommendation and to the trial court's excessive sentence; and

(5) Trial counsel provided ineffective assistance by failing to file a motion to sever the charges.

(Pet'r Pt'n) Respondents assert that Petitioner procedurally defaulted on ground two by failing to raise and properly preserve the claim in state court. (Resp't Response) Respondents further contend that all of Petitioner's grounds lack merit. (Id.)

## III. Standard of Review under 28 U.S.C. § 2254

---

[1] Because Petitioner's first ground raises two claims – (1) the trial court erred in reading the hammer instruction and (2) trial counsel was ineffective in failing to object to the hammer instruction and preserve the issue for review – the court will address them separately.

"In the habeas setting, a federal court is bound by the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). If the state court's decision is not "contrary to" clearly established law, then the "unreasonableness" standard applies, which is "meant to be difficult to meet, and 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)). A state court decision involves an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Taylor, 529 U.S. at 407-08.

A state court's factual determinations are presumed correct and will stand unless the petitioner rebuts this presumption with clear and convincing contrary evidence. 28 U.S.C. § 2254(e)(1); Grass v. Reitz, 749 F.3d 738, 743 (8th Cir. 2014). Similarly, federal courts afford

great deference to a state court's credibility findings. Smulls v. Roper, 535 F.3d 853, 864 (8th Cir. 2008) (en banc).

## IV.    Discussion

**A. Ground one – hammer instruction (trial court error).**

In ground one, Petitioner claims that the trial court erred in reading the jury the hammer instruction. More specifically, Petitioner asserts that the trial court coerced the jury to return a guilty verdict on three of the five charges because, at the time it read the hammer instruction, the trial court knew that the jury was divided, the numerical division, and that the jurors voting guilty would not change their minds. Respondents counter that the Missouri Court of Appeals addressed this claim in Petitioner's direct appeal and that court's rejection of this claim "was based on a reasonable determination of the facts and objectively reasonable application of the law."

The Supreme Court has recognized that "[a]ny criminal defendant . . . being tried by a jury is entitled to the uncoerced verdict of that body." Lowenfield v. Phelps, 484 U.S. 231, 241 (1988). To determine whether a trial court improperly coerced the jury, a court "consider[s] the supplemental charge given by the trial court 'in its context and under all the circumstances.'" Id. at 237 (quoting Jenkins v. United States, 380 U.S. 445, 446 (1965) (per curiam)). Due to the fact-intensive nature of the inquiry into jury coercion, federal habeas review is particularly deferential to the findings of the state court. See Early v. Packer, 537 U.S. 3, 11 (2002).

Petitioner presented this issue on direct appeal, and the Missouri Court of Appeals considered the totality of the circumstances surrounding the trial court's reading of the hammer instruction. (Resp't Ex. E) In regard to timing, the court found:

> [T]he amount of time the jury spent deliberating before and after the hammer instruction does not show coercion. The jury deliberated for approximately

four hours before it communicated to the court that it had not come to a decision. The jury then spent another three hours and fifteen minutes deliberating after it received the hammer instruction. Missouri courts have determined that much shorter deliberating times both before and after receiving the hammer instruction have not demonstrated coercion. See, e.g., State v. Copple, 51 S.W.3d 11, 15 (Mo.App. 2001) (thirty-two minutes before); State v. Jackson, 896 S.W.2d 77, 80 (Mo.App. 1995) (two and one-half hours before; thirty-three minutes after); State v. Kinder, 858 S.W.2d 838, 839 (Mo.App. 1993) (two hours, nineteen minutes before; ten minutes after).

(Id. at 5) The court further found that the instruction read by the trial court conformed to the Notes on Use and, although the trial court knew the jury's numerical division and the position of the majority, "the judge did not solicit this information from the jury." (Id. at 5-6) Finally, the court concluded:

> [T]here is no indication that the jury considered the instruction to be a mandate that it had to render a verdict, and the "tone of the dialogue . . . does not convey a sense of pressure being put on the jury." State v. Haymon, 616 S.W.2d 805, 809 (Mo. banc 1981). In this case, the trial court did not put a limit on the time the jury could deliberate after the hammer instruction was given. In addition, the jury's subsequent requests demonstrate that the jury took its role seriously in determining defendant's guilt or innocence and that it was not coerced by the trial court's instruction. The jury asked the court to go over the concept of reasonable doubt, and the court directed the jury to reread its previous instruction on reasonable doubt. About an hour and fifteen minutes after the hammer instruction was given, the jury requested an easel and marker and either a poster board or a dry erase board. Two hours after the hammer instruction was given, the jurors requested permission to make phone calls to their homes and places of work. Finally, the court polled the jury and each juror confirmed his or her vote to convict defendant of counts three, four, and five. This polling also demonstrated that the verdicts were not coerced. See State v. Harding, 734 S.W.2d 871, 875-76 (Mo.App. 1987).

(Id.)

The Missouri Court of Appeals' factual finding that jury coercion did not occur is entitled to a presumption of correctness. Stallings v. Delo, 117 F.3d 378, 381 (8th Cir. 1997). The court considered the totality of the circumstances and reasonably concluded that the trial court's instruction was not coercive. The court's conclusion that the trial court did not err in reading the

hammer instruction was not contrary to or an unreasonable application of federal law, and was not based upon an unreasonable determination of the facts. Accordingly, ground one should be denied.

**B. Ground two – hammer instruction (ineffective assistance of counsel).**

In ground two, Petitioner asserts that trial counsel was ineffective for failing to object to the proposed hammer instruction and preserve the issue for review by including it in the motion for new trial. Respondents counter that Petitioner is procedurally barred from advancing this claim because he did not include it in either his direct appeal or motion for post-conviction relief.

It is well-established that "[t]o be eligible for federal habeas corpus relief, a state prisoner must first 'exhaust his state law remedies and fairly present the facts and substance of his habeas claim to the state court.'" Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007) quoting Middleton v. Roper, 455 F.3d 838, 855 (8th Cir. 2006)). A post-conviction proceeding is the exclusive procedure for pursuing in state court ineffective assistance of counsel claims. Mo. S. Ct. Rule 29.15(a); Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006). Moreover, the Missouri Supreme Court Rules expressly provide for an appeal from a post-conviction motion court's ruling. Mo. S. Ct. Rule 29.15(k). Claims that should have been but were not presented on appeal from a denial of a post-conviction motion are procedurally defaulted. See Turnage v. Fabian, 606 F.3d 933, 936-39 (8th Cir. 2010).

Here, Petitioner argues for the first time in his petition for writ of habeas corpus that counsel was ineffective for failing to object to the trial court's proposed hammer instruction and preserve the issue for review. Because Petitioner did not include this specific claim in his state post-conviction appeal, it is procedurally barred.

"We may reach the merits of a procedurally barred claim only if 'the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" Id. at 941 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The "fundamental miscarriage of justice" exception is available only on a showing "based on new evidence, that a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

Petitioner has not demonstrated cause for the procedural default. Additionally, Petitioner has neither submitted new evidence of actual innocence nor alleged that such evidence exists. Petitioner merely claims in a conclusory manner that counsel's failure to raise the alleged error in his motion for new trial "was unreasonable and prejudice[d] me by not affording me a full review on the issue." (Pet'r Response at 4) Because Petitioner neither demonstrates cause for the default nor presents new evidence of his actual innocence, this court is barred from considering Petitioner's claim.

Moreover, despite trial counsel's failure to include the alleged hammer instruction error in Petitioner's motion for new trial, the Missouri Court of Appeals considered in Petitioner's direct appeal whether the trial court plainly erred in reading that instruction. (Resp't Ex. E at 4) As previously discussed, the court carefully considered the record on appeal and concluded that there was no manifest injustice or miscarriage of justice because the jury's verdict was not coerced. There is no basis for a finding here that either an objection at trial would have had merit or that, had trial counsel preserved the objection, the outcome of Petitioner's appeal would have been different. As a result, ground two also fails on the merits.

## C. Ground three – bill of particulars.

In ground three, Petitioner alleges that trial counsel was ineffective in failing to file a motion for a bill of particulars "because the charging document failed to adequately inform [him] of the nature of the charges in order to prepare a defense . . . ." Petitioner further asserts that the insufficient indictment "allowed a constructive amendment to the indictment on count IV," which "allowed me to be convicted of a charge not charged." Respondents urge that the Missouri Court of Appeals properly concluded that the "the lack of additional information could not have prejudiced [Petitioner's] defense."

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687, 688 (1984). "The first prong requires a showing 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" White v. Dingle, 757 F.3d 750, 752 (8th Cir. 2014) (quoting Strickland, 466 U.S. at 687). "The second prong requires a showing that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 753 (quoting Strickland, 466 U.S. at 694).

"[W]hen reviewing an ineffective-assistance-of-counsel claim, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Woods v. Donald, 135 S.Ct. 1372, 1375 (2015) (quoting Strickland, 466 U.S. at 689). "Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Harrington v. Richter, 562 U.S. 86, 105 (2011). "The

standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (internal citations omitted).

Generally, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against him which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecution for the same offense." United States v. Camp, 541 F.2d 737, 739 (8th Cir. 1976) (quoting Hamling v. United States, 418 U.S. 87, 117 (8th Cir. 1974)). Moreover, "[i]f a defendant is actually notified of the charge, due process notice requirements may be met, even if the information is deficient." Goodloe v. Parratt, 605 F.2d 1041, 1046 (8th Cir. 1979) (citing Camp, 541 F.2d at 740). Courts "will not overturn a conviction for want of a bill of particulars unless the defendant suffered actual prejudice due to surprise at trial." United States v. Beasley, 688 F.3d 523, 532 (8th Cir. 2012).

Here, the State charged Petitioner by an indictment containing the following counts:

> COUNT I
> The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant, in violation of Section 566.067, RSMo, committed the class B felony of child molestation in the first degree punishable upon conviction under Section 558.011, RSMo, in that between April 1, 2004 and August 1, 2005, in the City of St. Louis, State of Missouri, the defendant subjected [C.J.] who was then less than fourteen years old to sexual contact.
>
> COUNT II
> The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant, in violation of Section 566.067, RSMo, committed the class B felony of child molestation in the first degree punishable upon conviction under Section 558.011, RSMo, in that between August 1, 2005 and March 6, 2006, in the City of St. Louis, State of Missouri, the defendant subjected [C.J.] who was then less than fourteen years old to sexual contact.
>
> COUNT III
> The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant, in violation of Section 566.067, RSMo, committed the class B felony of child molestation in the first degree punishable upon conviction under Section 558.011, RSMo, in that between April 1, 2004 and August 1, 2005, in the

City of St. Louis, State of Missouri, the defendant subjected [J.J.] who was then less than fourteen years old to sexual contact.

COUNT IV

The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant, in violation of Section 566.067, RSMo, committed the class B felony of child molestation in the first degree punishable upon conviction under Section 558.011, RSMo, in that between April 1, 2004 and August 1, 2005, in the City of St. Louis, State of Missouri, the defendant subjected [J.H.] who was then less than fourteen years old to sexual
contact.

COUNT V

The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant, in violation of Section 564.011, RSMo, committed the class C felony of attempted child molestation first degree punishable upon conviction under Sections 564.011, and 558.011 and 560.011, RSMo, in that between August 1, 2005 and March 6, 2006, in the City of St. Louis, State of Missouri, the defendant rubbed his hand on [J.H's] stomach and moved it up towards her breast, and such conduct was a substantial step toward the commission of the crime of child molestation first degree and was done for the purpose of committing such child molestation first degree.

(Resp't Ex B at 37-38)[2] The substitute information in lieu of indictment upon which Petitioner was tried charged the same offenses.

The Missouri Court of Appeals applied the Strickland standard to determine whether trial counsel was ineffective in failing to request a bill of particulars. In regard to Strickland's prejudice prong, the court concluded that Petitioner "did not demonstrate how his defense was prejudiced" by the allegedly insufficient substitute information. The court further noted: "the record shows that [Petitioner] had deposed the victims a year before trial" and "[i]t is a rare case

---

[2] The probable cause statement, which was incorporated in the original complaint, provided further detail:
> [C.J.] who is 11 years old informed that at [address #1], the defendant touched her breast through the clothing. She also said he did this at [address #2]. [J.J.], who is 9 years old, informed me that Defendant touched her genital area through the clothing. Her sister, J.H., who is 12 years old, informed me that Defendant touched her breast through the clothing while at [address #2]. She said that while they were at [address #1], he rubbed her stomach through the clothing and rubbed his hands towards her breast area.

12

. . . in which the discovery tools available are not sufficient to pinpoint the offense and prepare an adequate defense." (Resp't Ex.I at 7-8) (quoting State v. Hoover, 220 S.W.3d 395, 401 (Mo.App.E.D. 2007).

Using the Strickland framework, the court properly found that Petitioner failed to demonstrate that trial counsel was ineffective in failing to file a motion for a bill of particulars. The indictment contained the elements of the crimes charged, fairly informed Petitioner of the charges, and alleged sufficient information to allow Petitioner to plead a conviction or an acquittal as a bar to any subsequent prosecution. Further, Petitioner cannot demonstrate that he was prejudiced by the absence of a bill of particulars, as he neither alleges that the indictment failed to provide actual notice of the charges nor asserts that he was surprised at trial. As to his claim that the indictment's imprecise language allowed a constructive amendment and a conviction on an uncharged offense, this court notes that Petitioner failed to: (1) raise this claim in state court; and (2) identify the alleged amendment to the indictment or uncharged offense for which he claims he was convicted.

The Petitioner provides no basis for a finding that the Missouri Court of Appeals' application of the Strickland standard was "contrary to, or involved an unreasonable application of, federal law as determined by the Supreme Court, or was an unreasonable determination of the facts in light of the evidence presented in state court." Cole v. Roper, 623 F.3d 1183, 1187 (8th Cir. 2010). Accordingly, ground three should be denied.

**D. Ground four – sentencing recommendation and sentence.**

In ground four, Petitioner claims that trial counsel was ineffective for failing to object to the State's post-trial sentencing recommendation and the trial court's sentence on the basis that the punishment was excessive. More specifically, Petitioner asserts that, because "the pretrial

offer w[as] probation," Petitioner's twenty-year sentence constituted "punish[ment] for asserting [his] right to jury trial." In response, Respondents argue that: (1) the record refutes Petitioner's claim that he was initially offered probation; and (2) Petitioner fails to allege any facts "showing that the [c]ourt's sentencing was influenced by a desire to punish him for going to trial."

The sentencing challenge is procedurally barred because Petitioner did not raise it in his direct appeal.[3] The record reveals that Petitioner first raised this claim on appeal of the denial of post-conviction relief. (Resp't Ex. F at 35-36) The Missouri Court of Appeals concluded that Petitioner's claim was not cognizable because: "(1) it could have been raised on direct appeal"; and (2) Petitioner "failed to allege facts demonstrating that rare and exceptional circumstances exist or that fundamental fairness requires this claim to be considered in Rule a 29.15 hearing." (Resp't Ex. I at 9)

When a state appellate court expressly declines to address a particular claim on the merits because the petitioner did not raise the claim in accordance with applicable state procedural rules, the claim has not been fairly presented to the state courts and is treated as a "procedurally defaulted" claim for federal habeas corpus purposes. Coleman, 501 U.S. at 729-30. A federal court will not consider on habeas review procedurally defaulted claims unless the petitioner

---

[3] Respondents do not argue in their responsive brief that Petitioner's excessive sentence claim is unexhausted. However, Respondents' silence does not waive the exhaustion requirement. "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). Here, Respondents have not expressly waived the requirement that Petitioner exhaust his claim that counsel was ineffective for failing to object to the sentencing recommendation and sentence. "[W]e have discretion to consider an issue of procedural default sua sponte." King v. Kemna, 266 F.3d 816, 822 (8th Cir. 2001). In any event, Petitioner's ground four appears to be meritless because: (1) the motion court found that the State offered Petitioner "a plea bargain for 15 years' imprisonment" and not probation; and (2) nothing in the record suggested that the trial court imposed the twenty-year sentence to punish Petitioner for exercising his right to a trial. (Resp't ex. F at 77, 80)

shows "cause and prejudice" to excuse his procedural default, or in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claims. Id. at 750.

Petitioner has not shown cause for his failure to raise this claim on direct appeal in state court. Nor has Petitioner demonstrated that this court's failure to consider his claim of punitive sentencing would result in a fundamental miscarriage of justice, as such a showing requires "new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006). Accordingly, ground four is procedurally barred and should be denied.[4]

**E. Ground five – motion to sever.**

In ground five, Petitioner claims trial counsel was ineffective in failing to file a motion to sever the charges against him.[5] Respondents counter that the Missouri Court of Appeals properly found that trial counsel was not ineffective in failing to file a motion to sever because the filing of such a motion would have been futile.

In denying Petitioner relief on his claim that trial counsel's failure to file a motion to sever constituted ineffective assistance, the Missouri Court of Appeals first considered whether

---

[4] In his reply, Petitioner raises the following grounds for relief that were not included in the petition: (1) counsel failed to inform him of a plea offer; and (2) the trial court erred in allowing Petitioner's original defense counsel to withdraw. These claims should be summarily dismissed. First, it is not proper to raise new grounds for relief in a reply. Second, Petitioner fails to develop the factual and legal basis for these claims. Finally, these claims are unexhausted and procedurally defaulted because Petitioner did not raise them in state court. See Carney, 487 F.3d at 1096. Moreover, Petitioner has not demonstrated cause and prejudice or a manifest injustice to permit this court to consider the merits of these claims.

[5] Petitioner also asserts: "It was prejudicial error for the court not to sever the charges." Because Petitioner failed to raise this claim in state court, it is procedurally barred. See McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). The court cannot review this claim on the merits because Petitioner has failed to demonstrate either cause for his default and actual prejudice, or that the failure to consider his claim would result in a fundamental miscarriage of justice. See id.

joinder of the charges was proper as a matter of law. (Resp't Ex I at 12) For joinder to be proper under Missouri law, "the tactics used to commit the crimes need not be identical; they need only be of the same or similar character." State v. Hood, 451 S.W.3d 758, 764 (Mo.App.E.D. 2014). "Nonexclusive factors . . . that can prove that a person used similar tactics include the commission of the same type of offenses, victims of the same sex and age group, offenses occurring at the same location, or offenses closely related in time." State v. Warren, 141 S.W.3d 478, 487 (Mo.App.E.D. 2004). The court concluded that joinder was proper, reasoning:

> In this case, the victim C.J. (Counts I and II), J.J. (Count III), and J.H., (Counts IV and V) were under 14 at the times charged in the information. All were girls. J.J. and J.H. were sisters and C.J. was their cousin. Defendant was a family friend who worked as a handyman at J.J. and J.H.'s residence, which was in one location prior to August 1, 2005, and across the street after August 1, 2005. The evidence in support of all of the counts was that all of the charged offenses took place at the then residence of J.J. and J.H.; and that defendant approached and got close to each of the three girls while they were playing and touched them in the area of their breasts or genitals on top of their clothing. The evidence in support of Counts II and Count V related to acts at a birthday party on March 4, 2006. The evidence in support of Counts I and III related to acts against victims C.J. and J.J. on the same day prior to August 1, 2005, while they were sitting on a couch at J.J.'s then residence.

(Resp't Ex. I at 12).

The Missouri Court of Appeals further considered whether joinder prejudiced Petitioner's case. The court concluded that: (1) the evidence relating to each of the five counts was specific and not complex; and (2) "the jury was not confused by the evidence on the different counts" because the trial court properly instructed the jury and the jury "acquitted [Petitioner] of the two counts related to the victim C.J." (Resp't Ex. I at 13).

A review of the record, demonstrates that the court applied the correct standard and reasonably determined that trial counsel's alleged error had no prejudicial effect. Because the

five counts involved similar tactics, joinder was proper, and a motion to sever would have been futile. As the Eighth Circuit has noted, "the decision to join offenses in a single trial is a matter within the discretion of the trial judge under both Missouri and federal law. That decision may not normally be disturbed on review[.]" Robinson v. Wyrick, 735 F.2d 1091, 1094 (8th Cir. 1984) (citations omitted). Furthermore, the fact that the jury acquitted Petitioner on two of the five counts supports a determination that the jury properly considered each count separately.

For the foregoing reason, this court cannot conclude that the Missouri Court of Appeals' application of Strickland was "contrary to, or involved an unreasonable application of, federal law as determined by the Supreme Court, or was an unreasonable determination of the facts in light of the evidence presented in state court." Cole, 623 F.3d at 1187. Accordingly, ground five should be denied.

## V. Conclusion

The petition should be denied because grounds two and four are procedurally barred and grounds one, three, and five lack merit. Accordingly, after careful consideration,

**IT IS HEREBY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Alfred Jones be **DENIED** without further proceedings.

The parties are advised that they have **fourteen days** to file written objections to this Recommendation and the Memorandum incorporated herein, pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained; and that failure to file timely objections may result in waiver of the right to appeal questions of fact.

_____
PATRICIA L. COHEN

UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of February, 2016