UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALFRED LEE JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:13 CV 239 RWS |
| | ) |
| JENNIFER SACHS and | ) |
| CHRIS KOSTER, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Alfred Lee Jones. The Court referred this matter to United States Magistrate Judge Patricia L. Cohen for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On February 2, 2016, Judge Cohen filed her 18-page Report and Recommendation that petitioner's habeas petition should be denied. [38]. Petitioner filed timely objections to the Report and Recommendation, and this Court has conducted a de novo review of all matters relative to petitioner's objections. After careful consideration, I will adopt and sustain Judge Cohen's thorough Report and Recommendation in its entirety.

1

In his objections, petitioner attempts to raise new grounds for relief that were not included in his petition. He argues that his conviction is based on false testimony and that his prosecution was malicious and violated his due process rights. These objections will be summarily overruled, as it is not proper to raise new grounds for relief in objections to a Report and Recommendation. Moreover, these claims are unexhausted and procedurally defaulted because petitioner did not raise them in state court. *See Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007). As explained by Judge Cohen in her Report and Recommendation, a federal court will not consider procedurally defaulted claims on habeas review unless the petitioner shows "cause and prejudice" sufficient to overcome to procedural default or that a "fundamental miscarriage of justice" would result if the federal court declined to consider the claims. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has not demonstrated cause and prejudice or a manifest injustice to permit this Court to consider the merits of these claims, so they will be denied. As petitioner raises no other objections to the Report and Recommendation, the Report and Recommendation issued on February 2, 2016, by Judge Cohen will be adopted in its entirety, and petitioner's objections are overruled.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). Because petitioner has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on February 2, 2016 [38] is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that petitioner's objections to the Report and Recommendation [39] are overruled.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [1] is denied.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2016.